KIBLER FOWLER & CAVE LLP
Matthew J. Cave (SBN 280704)
mcave@kfc.law
Jean Rhee (SBN 234916)
jrhee@kfc.law
11100 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone:     (310) 409-0400
Facsimile:     (310) 409-0401

*Attorneys for SMIC, AMERICAS*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HIGH SHARP ELECTRONIC LIMITED, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEMICONDUCTOR MANUFACTURING INTERNATIONAL CORPORATION, a Cayman Islands corporation; SEMICONDUCTOR MANUFACTURING SOUTH CHINA CORPORATION, a Chinese corporation; SMIC, AMERICAS, a California corporation; and DOE Subsidiaries 1-20,,<br><br>Defendant. | CASE NO. 5:25-cv-04605<br><br>**SMIC, AMERICAS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:    Hon. Edward J. Davila<br>Date:     December 11, 2025<br>Time:     9:00 am<br>Ctrm:      4<br><br>Trial Date:     None set |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on December 11, 2025 at 9:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Edward J. Davila (Courtroom 4) of the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, defendant SMIC, AMERICAS ("Americas") will and hereby does move this Court to dismiss the Complaint ("Complt.") filed by plaintiff High Sharp Electronic Limited ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("Rules") 8(a) and 12(b)(6).

This Motion is made on the grounds that Plaintiff has failed to state any claims against Americas. It is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Joint Request for Judicial Notice and Incorporation by Reference ("JRJN") concurrently filed by defendants Semiconductor Manufacturing International Corporation ("SMIC") and Semiconductor Manufacturing South China Corporation ("SMSC"), all of the pleadings, files, and records in this proceeding, and any other argument or evidence that may be presented to or considered by the Court.

### CIVIL L.R. 3-4 STATEMENT OF ISSUES

1.      Whether Plaintiff can plausibly plead that Americas and defendants SMIC and SMSC are alter egos of one another without any facts whatsoever to establish either that: (a) failure to disregard the separate identities would result in fraud or injustice; or (b) there is such unity of interest and ownership that the separate personalities of these entities no longer exist?

2.      Whether Plaintiff can state a claim against Americas based on indiscriminate group pleading and allegations making clear Americas had no involvement in the purported semiconductor wafer sales transaction?

3.      Whether Plaintiff can assert a claim under the United Nations Convention on Contracts for the International Sale of Goods ("UNCISG") against Americas when Americas' place of business is admittedly in the same Contracting State (*i.e.*, signatory nation) as Plaintiff's?

4.      Whether Plaintiff can pursue a conversion claim when the 3-year statute of limitations on such claim has run?

Dated:  August 22, 2025                    KIBLER FOWLER & CAVE LLP

By: _____

MATTHEW J. CAVE
JEAN Y. RHEE
Attorneys for SMIC, AMERICAS

# **TABLE OF CONTENTS**

I.   INTRODUCTION ......................................................................................................... 1

II.  STANDARD OF REVIEW .......................................................................................... 3

III. ARGUMENT ............................................................................................................... 4

   A.  PLAINTIFF HAS NOT PLAUSIBLY PLED THAT AMERICAS, SMSC, AND SMIC ARE ALTER EGOS ................................................................................................ 4

      1.  Plaintiff Has Not Plausibly Pled Fraud or Injustice Would Result ............................ 5

      2.  Plaintiff Has Not Plausibly Pled Unity of Interest ......................................................... 5

   B.  PLAINTIFF HAS NOT PLED A SINGLE SPECIFIC FACT LINKING AMERICAS TO THE COMPLAINED-OF TRANSACTION, PLAUSIBLY OR OTHERWISE, AND THE ONLY FACTS THAT ARE PLED NEGATE THAT AMERICAS WAS INVOLVED ......................................................................................................... 7

   C.  PLAINTIFF CANNOT ASSERT A UNCISG CLAIM BASED ON AN ALLEGED SALES CONTRACT INVOLVING A PARTY IN THE SAME CONTRACTING STATE ...................................................................................................................... 10

   D.  PLAINTIFF'S CONVERSION CLAIM IS TIME-BARRED ........................................ 10

IV.  CONCLUSION ........................................................................................................... 11

SMIC, AMERICAS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple v. Allan,*
   445 F. Supp. 3d 42 (N.D. Cal. 2020) ................................................................................ passim

*Beluca Ventures LLC v. Aktiebolag,*
   622 F.Supp.3d 806 (N.D. Cal. 2022) ........................................................... 4, 5, 6, 7, 8

*Daniels-Hall v. Nat'l Educ. Ass'n,*
   629 F.3d 992 (9th Cir. 2010)................................................................................................ 4

*Doe v. Unocal Corp.,*
   248 F.3d 915 (9th Cir. 2001)................................................................................................ 7

*Harris v. Cnty. of Orange,*
   682 F.3d 1126 (9th Cir. 2012)............................................................................................. 1

*Lee v. Plex,*
   773 F. Supp. 3d 755 (N.D. Cal. 2025) ............................................................................. 4, 7

*McDowell Valley Vineyards, Inc. v. Sabate USA Inc.,*
   No. C-04-0708 SC, 2005 WL 2893848 (N.D. Cal. Nov. 2, 2005)......................................... 3, 10

*Mou v. SSC San Jose Operating Co. LP,*
   415 F.Supp.3d 918 (N.D. Cal. 2019) ............................................................................... 3, 5

*Perfect 10, Inc. v. Giganews, Inc.,*
   847 F.3d 657 (9th Cir. 2017)............................................................................................... 5

*Ranza v. Nike, Inc.,*
   793 F.3d 1059 (9th Cir. 2015) ...................................................................................... 3, 6, 8

*Resh, Inc. v. Skimlite Mfg. Inc.,*
   666 F. Supp. 3d 1054 (N.D. Cal. 2023) ............................................................................ 3, 4

*Tradin Organics USA LLC v. Terra Nostra Organics, LLC,*
   No. 23-CV-03373-AMO, 2024 WL 4312215 (N.D. Cal. Sept. 26, 2024)................................. 7

**Statutes**

Cal. Code of Civil Procedure §338(c)(1) .................................................................................. 3, 11

**Rules**

Fed. R. Evid. 201(b) ............................................................................................................... 1

**Other Authorities**

52 Fed. Reg. 6262 (Mar. 2, 1987) ................................................................................................. 10

SMIC, AMERICAS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In Footnote 1 of the Complaint, Plaintiff acknowledges that it has refiled in this Court an action styled *High Sharp Electronic Limited v. Semiconductor Manufacturing South China Corporation et al.*, No. 2:23-cv-08934-CAS-AGRx (C.D. Cal., filed Oct. 23, 2023) that it had previously pursued against SMIC, SMSC, and certain individual defendants in the Central District of California ("CD Cal. Case"). *See* Complt. ¶1 n.1. However, Plaintiff conspicuously omits from this footnote all of the following facts that give the lie to its assertion that it voluntarily dismissed the CD Cal. Case because the Northern District "was the most appropriate venue," and reveal that, Plaintiff was and is simply maneuvering to escape Judge Snyder's rulings against it:

    (1)    Plaintiff insisted in the CD. Cal. Case that: (a) all of the wrongdoing and harm it had suffered had occurred in the Central District; and (b) it did not even know that Americas existed until around August 27, 2024, years *after* the subject wafer deal was allegedly entered into around November 15, 2021, and then breached in early 2022 (*see* JRJN[1] Ex. B – CD Cal. Case Dkt. 1 ¶¶4-6, 9, 34-43]; JRJN Ex. D – CD Cal. Case Dkt. 34 at 4, 6 (responding to Judge Snyder's August 7, 2024 OSC re Lack of Prosecution by explaining that, in the face of the OSC, its "Counsel researched and located a potential address for SMIC in California"));

    (2)    Judge Snyder granted SMSC's motion to dismiss to the extent based on insufficient service because, *inter alia,* Plaintiff's "contention that [SMSC, SMIC and Americas] are 'one and the same'" notwithstanding, Plaintiff had failed to establish through its allegations and evidence that there was "a sufficiently close connection between these three entities" to enable service on SMSC through service

---

[1] The CD Cal. Case filings referenced herein are attached to the JRJN, and may be considered on this motion to dismiss. *See* Fed. R. Evid. 201(b); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citations omitted).

on Americas (*see* JRJN Ex. A – CD Cal. Case Dkt. 61 at 12-14);

(3)      In ruling on SMIC's concurrently filed motion to dismiss based on lack of personal jurisdiction,[2] Judge Snyder similarly found Plaintiff's allegations and evidence fell short of establishing personal jurisdiction over SMIC, *including as Americas' alter ego* (*see id.* at 16-17);

(4)      Plaintiff *repeatedly* requested jurisdictional discovery to establish SMIC and Americas "are effectively one and the same," but when Judge Snyder gave it the opportunity to engage in such discovery and reargue the availability of personal jurisdiction as to SMIC, Plaintiff (knowing full well that such discovery would not actually aid its position) voluntarily dismissed SMIC to avoid yet another adverse ruling at her hands  (*see id.* at 11, 18; JRJN Ex. G – CD Cal. Case Dkt. 55 at 3 n.1, 11 n.3; JRJN Ex. I – CD Cal. Case Dkt. 63); and

(5)      Plaintiff could not voluntarily dismiss SMSC as insinuated in Footnote 1 of the Complaint, only SMIC, because SMSC had secured its own dismissal by establishing ineffectual service (*see* JRJN Ex. A – CD Cal. Case Dkt. 61 at 12-14).

This Court should reject Plaintiff's thinly veiled gambit to not only take another shot at circumventing due process and/or the Hague Convention as to SMIC and SMSC, but hold Americas liable despite it being an admitted stranger to the purported transaction, *all based on the same alter ego allegations and evidence already found lacking by Judge Snyder*. Just as in the CD Cal. Case, Plaintiff, at bottom, continues to allege nothing more than that Americas and SMSC are SMIC subsidiaries and, that, as is often the case with parents and subsidiaries, they share a logo and are presented as a single organization on the same website and in documents like annual reports. *Compare* JRJN Ex. A – CD Cal. Case Dkt. 61 at 4-6 (summarizing jurisdictional facts mustered by Plaintiff) *and* Complt. ¶¶5, 25-28, 30, 32, 34-40, 42-47, 59, 126-28. And, as Judge Snyder held, and this Court well knows, such insubstantial connections are not enough as a matter of law to

---

[2] Both SMSC and SMIC raised alternative grounds for dismissal that Judge Snyder did not reach. *See* JRJN Ex. A – CD Cal. Case Dkt. 61 at 14, 18.

SMIC, AMERICAS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

demonstrate the "pervasive control" and resulting fraud or injustice required to meet the stringent alter ego test. JRJN Ex. A – CD Cal. Case Dkt. 61 at 16-18; *see also, e.g.*, *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015); *Apple v. Allan*, 445 F. Supp. 3d 42, 52-55 & n.7 (N.D. Cal. 2020) (Davila, J.) (rejecting alter ego claim based on far more compelling allegations); *Mou v. SSC San Jose Operating Co. LP*, 415 F.Supp.3d 918, 930-931 (N.D. Cal. 2019) (Davila, J.) (same).

Without alter ego, Plaintiff plainly does not have the facts necessary to plausibly state any claims against Americas, as it otherwise relies exclusively on impermissible group pleading and allegations confirming that Plaintiff had no interactions of any kind with Americas, only SMIC representatives and Plaintiff's former owner, Xing Wang. Indeed, it is this Xing Wang – not Americas – who supposedly aided Plaintiff in placing the alleged Purchase Order, which, on its face, references no one other than Plaintiff and SMSC. *See* Complt. ¶¶53-72 & Ex. A (Alleged High Sharp Purchase Order, PO No. HSHK211115-001). Count II against Americas is additionally subject to dismissal because the UNCISG does not apply to alleged contracting parties who have their places of business in the same signatory nation, *see, e.g.*, *McDowell Valley Vineyards, Inc. v. Sabate USA Inc.*, No. C-04-0708 SC, 2005 WL 2893848, at *3 (N.D. Cal. Nov. 2, 2005), and the statute of limitations for conversion as asserted in Count IV has run, *see* Cal. Code of Civil Procedure §338(c)(1).[3]

Accordingly, the Court should dismiss all of Plaintiff's claims against Americas forthwith.

## II.     STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Resh, Inc. v. Skimlite Mfg. Inc.*, 666 F. Supp. 3d 1054, 1058 (N.D. Cal. 2023) (Davila, J.). "A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, which requires more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[3] Americas also joins in the individual arguments against each of Plaintiff's claims in Sections II(B)-II(E) of the concurrently filed motion to dismiss filed by SMIC ("SMIC MTD") to the extent applicable.

SMIC, AMERICAS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

(cleaned up). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, although the court generally accepts well-pled allegations as true, it "need not 'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Lee v. Plex*, 773 F. Supp. 3d 755 (N.D. Cal. 2025). Likewise, the court need not accept as true allegations that contradict matters properly subject to judicial notice or documents that are referenced in and central to the complaint. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## III.    ARGUMENT

### A.    PLAINTIFF HAS NOT PLAUSIBLY PLED THAT AMERICAS, SMSC, AND SMIC ARE ALTER EGOS

As explained at length *infra* in Section III.B, Plaintiff does not allege that any defendants other than SMSC and SMIC were involved in making or breaking the purported semiconductor wafer deal. *See* Complt. ¶¶53-72. Rather, Plaintiff seeks to hold Americas (and various DOE Subsidiaries) liable for SMSC and SMIC's alleged misconduct on an alter ego theory of liability. The Complaint, however, does not come remotely close to alleging sufficient facts to invoke the alter ego doctrine.

To avail itself of this "extreme remedy" that applies "only in exceptional circumstances," *Apple*, 445 F. Supp. 3d at 52, Plaintiff was required to specifically allege with supporting facts that: (1) "there is such a unity of interest and ownership that the separate personalities of [Americas, SMSC, and SMIC] no longer exist[]; and (2) "failure to disregard their separate identities would result in fraud or injustice," *Beluca Ventures LLC v. Aktiebolag,* 622 F.Supp.3d 806, 817 (N.D. Cal. 2022). Neither prong was sufficiently pled here. As such, the Court should disregard all of Plaintiff's alter ego allegations and dismiss Plaintiff's claim seeking a declaration that Americas, SMIC, and SMSC are alter egos (Count VI) as to all defendants.[4]

---

[4] Americas also joins in the alter ego arguments in Section I(B)(1)(b) of the SMIC MTD and Section II(A) of Defendant SMSC's concurrently filed motion to dismiss ("SMSC MTD") to the extent applicable.

1.  *Plaintiff Has Not Plausibly Pled Fraud or Injustice Would Result*

Under the fraud or injustice prong of the alter ego test, a plaintiff must plead sufficient facts "to support a reasonable inference that there has been 'an abuse of the corporate privilege' that 'justifies holding the equitable ownership of a corporation liable for the actions of the corporation.'" *Mou*, 415 F.Supp.3d at 931. Stated another way, Plaintiff was required to allege sufficient facts to establish that "conduct *amounting to bad faith* makes it inequitable for the corporate owner to hide behind the corporate form." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 677 (9th Cir. 2017). Yet, this it did not even attempt to do. Aside from conclusorily alleging that "[a]dherence to the fiction of the separate existence of the SMIC, SMSC, SMIC Americas, and the DOE Subsidiaries would permit an abuse of the corporate privilege and would promote injustice and fraud" in Paragraph 131, Plaintiff's Complaint does not address this prong at all. *See* Complt. ¶131. This is plainly insufficient, and Plaintiff's alter ego claim fails on this basis alone. *See, e.g.*, *Mou*, 415 F.Supp.3d at 931 (holding on a motion to dismiss that alter ego claims could not lie even if the unity of interest prong were met, because plaintiff's "[a]llegations that Defendants operated as a single business for the purpose of 'lining their pockets with money' and 'evad[ing] liability' and 'hid[ing] money' are too vague and conclusory to support a plausible inference that there has been an abuse of corporate privileges" as was his "generalized allegation that all Defendants violated the law"); *Apple*, 445 F. Supp. 3d at 55 ("Without an allegation addressing this question [of what fraud or injustice will result if the Court declines to find that Defendant A2 is an alter ego of Defendants Allan and/or AAL], Plaintiff has not met its prima facie burden [on the fraud or injustice prong] as to Defendant A2."); *Beluca Ventures*, 622 F. Supp. 3d at 817 (rejecting alter ego liability theory where, as here, no attempt was made to specifically plead fraud or injustice).

2.  *Plaintiff Has Not Plausibly Pled Unity of Interest*

Plaintiff has also failed to sufficiently plead facts to meet the "unity of interest and ownership" prong, providing the Court with yet another basis for rejecting its bid to hold Americas liable as an alter ego for SMIC and SMSC. When alter ego liability is predicated on a parent's (SMIC's) relationship with its subsidiaries (Americas and SMSC), this prong requires "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality

5

SMIC, AMERICAS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

of the former." *Ranza*, 793 F.3d at 1073. It *"envisions pervasive control over the subsidiary, such as when a parent corporation 'dictates every facet of the subsidiary's business—from broad policy decisions to routine matters of day-to-day operation.'"* *Id.*

Here, setting aside purely conclusory allegations of unity of interest (Complt. ¶8), all Plaintiff has alleged as to Americas' relationships with the other named defendants is that: (i) Americas is "a wholly owned subsidiary of SMIC" and functions as a SMIC "department" that markets and sells SMIC products in the United States (*id*. at ¶¶5, 30, 32, 34-35, 126-127); (ii) SMIC, SMSC, Americas and the 20 unnamed DOE Subsidiaries publicly "present themselves as a single company that operates as one," including by using the word "We" to mean "SMIC and its subsidiaries"; referring to "one SMIC, global operations"; using the "same website," which lists contact information for Americas, among other SMIC locations; and sharing the same logo (*id.* at ¶¶ 25-27, 36-40, 42-47, 126-28); (iii) certain SMIC directors and officers purportedly serve as directors or officers of certain unspecified SMIC subsidiaries, without any mention of Americas, other than that *in 2018*, long before the relevant timeframe for this action, *which began in late 2021*, a co-CEO of SMIC was identified as CFO and director of Americas (*id*. ¶¶48–52, 59, 129); and (iv) it was admitted in an answer filed in a different lawsuit in 2017, long before the relevant timeframe for this action, *which began in late 2021*, that SMIC "controls and is the majority owner[]" of, *inter alia*, Americas (*id.* at ¶¶28, 59). But there is a mountain of authority foreclosing Plaintiff's reliance on these attenuated allegations to make the requisite showing that SMIC "dictates every facet of [Americas and SMSC's] business."

Courts have repeatedly held that "[t]otal ownership and shared management personnel are alone insufficient to establish the requisite level of control" for unity of interest and ownership. *Ranza*, 793 F.3d at 1073; *Beluca Ventures*, 622 F. Supp. 3d at 816; *Apple*, 445 F.Supp.3d at 53. So too are vague allegations such as those in Paragraph 29 of the Complaint that, Americas' alleged sole shareholder, SMIC, "controlled" it without any detail as to "how that control was exerted." *Apple*, 445 F.Supp.3d at 54-55 & n.7.

Mere allegations that subsidiaries used the same trademark as their parent company, or were publicly held out as being one and the same as, or divisions of, their parent company on a website

6    Case No. 5:25-cv-04605

or in other materials are equally unavailing. *See, e.g.*, *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001), *overruled on other grounds as discussed in Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017) ("[R]eferences in the parent's annual report to subsidiaries or chains of subsidiaries as divisions of the parent company do not establish the existence of an alter ego relationship."); *Beluca Ventures*, 622 F. Supp. 3d at 816 (rejecting allegations that "Defendants themselves treat Einride AB and Einride US Inc. as a single entity and Robert Falck as the CEO of both" and that a press release referred to "'Einride' and includes the U.S. operations as part of 'Einride'" as "plainly deficient"); *Apple*, 445 F.Supp.3d at 55 (holding that unity of interest was not plausibly alleged where "all that Plaintiff alleges is that one LinkedIn post 'treated' AAL and A2 as the same company, that the AAL website redirected to the A2 website, that A2 was listed as a 'service' on the AAL website and that Defendant Allan owned both companies."); *Tradin Organics USA LLC v. Terra Nostra Organics, LLC*, No. 23-CV-03373-AMO, 2024 WL 4312215, at *4 (N.D. Cal. Sept. 26, 2024) ("[U]se of the same trademark is mere 'marketing puffery' that 'carries no weight in establishing whether a parent and its subsidiary are in fact alter egos.'"); *id.* at *5 ("[E]ven accepting Terra Nostra's representations, the designation of the Tradin USA as a 'sales office' [on a common website] would not demonstrate unity of interest sufficient to overcome the parent-subsidiary structure."); *see also* SMIC MTD at 6-13 (collecting additional cases demonstrating the insufficiency of such allegations); SMSC MTD at 9-13, 15-17 (same).

As such, the Court should disregard Plaintiff's alter ego allegations and dismiss Count VI.

**B.    PLAINTIFF HAS NOT PLED A SINGLE SPECIFIC FACT LINKING AMERICAS TO THE COMPLAINED-OF TRANSACTION, PLAUSIBLY OR OTHERWISE, AND THE ONLY FACTS THAT ARE PLED NEGATE THAT AMERICAS WAS INVOLVED**

Once the deficient alter ego allegations are stripped away, all Plaintiff is left with are improper generalized allegations about "Defendants" or the "SMIC Entities" as a whole that do not satisfy Rule 8. It is axiomatic that a complaint that lumps defendants together and fails to indicate what wrongful act each is alleged to have done fails to state a claim and must be dismissed. *See, e.g.*, *Lee*, 773 F. Supp. 3d at 769 ("All other allegations in the complaint reference 'Defendants' or 'Plex' ambiguously without attributing any conduct to Plex GmbH specifically. This is improper. A

complaint cannot 'engage[] in undifferentiated pleading that fails to make clear what allegations are being made against' each defendant. Plaintiff's allegations against 'Plex' and 'Defendants' do not satisfy Rule 8's notice requirement, and the Court will not rely on them") (internal citations omitted); *Resh*, 666. F. Supp. 3d at 1059-60 (dismissing complaint because plaintiff's assertion of "allegations against 'Defendants' in the aggregate without distinguishing which facts pertain to which specific Defendant" was "plainly impermissible under the well-established law in this circuit that so-called 'shotgun pleadings' do not satisfy Rule 8's notice requirement"); *see also id.* at 1059-60 ("Defendants should not have to guess amongst themselves as to whom a specific 'Defendants' reference Plaintiff intended to apply or even whether it applies to some yet-to-be-named party."); *Beluca Ventures,* 622 F.Supp.3d at 816 (dismissing claims against Einride US where "[a]lmost all of the allegations in the Complaint are made against 'Einride,' which is defined to include Einride AB, Einride US, and Does 1–10. Compl. at 1. As a result, the Complaint improperly engages in undifferentiated pleading that fails to make clear what allegations are being made against Einride AB versus Einride US. The Ninth Circuit has instructed that complaints should contain 'clear and concise averments stating which defendants are liable to plaintiffs for which wrongs.'").

The Complaint here consists of a Request for Relief, a jury demand and 132 numbered paragraphs containing the following allegations: (a) ¶1 purports to summarize the action while lumping all defendants together in indiscriminate fashion as "Defendants"; (b) ¶¶2-8 purport to identify the individual parties and lump all the individual and DOE defendants together under the label "SMIC Entities"; (c) ¶¶9-16 are devoted to conclusory jurisdiction, venue and division allegations; (d) as abovementioned, ¶¶24-52 attempt, but fail, to establish that the defendants are all alter egos of one another; (e) ¶¶53-72 purport to describe the alleged sales transaction and its breach by reference to SMSC, SMIC and "Defendants" as a whole only, without any mention of Americas; and (f) ¶¶73-132 contain boilerplate recitations of the elements of the six causes of action being asserted against "Defendants." Americas is referenced in just 16 of these 132 paragraphs, all of which are conclusory and/or touch only on general background matter, and once in the Request for Relief. *See* Complt. ¶¶5, 8, 12, 13, 28, 30, 32, 34, 35, 39, 46, 47, 51, 52, 131, 132 & Request for Relief ¶4 ("Declare that SMIC, SMSC, SMIC Americas, and the DOE Subsidiaries are alter egos of

each other, and that all are liable for the conduct of any of them."). *And, most significantly, there is no mention of Americas at all in the scant 20 paragraphs about the alleged wafer purchase order and failure to deliver or refund money that are the basis for this entire lawsuit.* See Complt. ¶¶53-72. The complete absence of relevant specific factual allegations implicating Americas in either the transaction or breach in itself compels dismissal of the Complaint against it.

That said, it is worth noting that the allegations that *do* appear in the Complaint underscore that Americas must be dismissed. More specifically, while alleging that Americas *typically* performs marketing and sales functions for SMIC in the United States (Complt. ¶¶30, 32, 34), *the Complaint goes on to negate that Americas played any such function in the purported transaction at hand*; Plaintiff alleges that its owner Richard Wang purchased it, High Sharp, for *its already existing account* with "Defendants that enabled High Sharp to place priority purchase orders," and that it was *Xing Wang, the seller of High Sharp, who "introduced Richard Wang and High Sharp to the SMIC entities and aided High Sharp in placing its order with them"* (*id.* at ¶¶53-58). Plaintiff also admits that: (a) the vendor listed on the alleged Purchase Order was Defendant SMSC, *not Americas*; (b) its "contact at Defendants" used an email signature that "identified him as working for '[Defendant] SMIC – Semiconductor Manufacturing International Corp.'"; and (c) the only other "representative" who allegedly communicated with Plaintiff about its order was with "SMIC" as well, *not Americas*. *See id.* at ¶¶59-60, 63-64, 70 & Ex. A (Alleged High Sharp Purchase Order, PO No. HSHK211115-001). Consistent with these admissions, the alleged Purchase Order asserted by Plaintiff *nowhere references Americas, only SMSC*. *See id.* at Ex. A. Thus, as even Plaintiff's own allegations conclusively establish that it never had any dealings with Americas,[5] the Court should

---

[5] Again, in the CD Cal. Case, Plaintiff asserted that all the wrongdoing occurred in that judicial district and that it was unaware of Americas' existence until the end of 2024, some 10 months *after* it first sued SMIC and SMSC on October 23, 2023. *See* JRJN Ex. B – CD Cal. Case Dkt. 1 ¶¶4-6, 9; JRJN Ex. D – CD Cal. Case Dkt. 34 at 4, 6; *see also* SMIC MTD, 16 n.12. Also in that case, Plaintiff submitted an opposition to SMIC's motion to dismiss and the sworn declaration of its CEO,

SMIC, AMERICAS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

dismiss the Complaint as to Americas.

### C. PLAINTIFF CANNOT ASSERT A UNCISG CLAIM BASED ON AN ALLEGED SALES CONTRACT INVOLVING A PARTY IN THE SAME CONTRACTING STATE

Count II of the Complaint for a breach of the UNCISG is barred by its own terms. As alleged by Plaintiff therein, the UNCISG only applies "to contracts of sale of goods between parties *whose places of business are in different states … when the States are Contracting States [i.e.*, signatory nations*]*." Complt. ¶90 (*quoting* CISG Article 1(1)(a),[6] *ratified at* 52 Fed. Reg. 6262 (Mar. 2, 1987)) (emphasis added); *see also id.* ¶89 ("[I]f the Purchase Order was a contract for the sale of goods *between parties of different United Nations Convention on Contracts for the International Sale of Goods ("CISG") contracting countries*, High Sharp asserts this cause of action for breach of the CISG.") (emphasis added). Plaintiff is admittedly a United States corporation (Texas), as is Americas (California). *Id.* at ¶¶2, 5; *see also McDowell Valley Vineyards, Inc.*, 2005 WL 2893848 at *3 ("CISG applies only when a contract is 'between parties whose places of business are in different States.'"). Accordingly, Plaintiff cannot assert the UNCISG while maintaining that Americas is a party thereto.

### D. PLAINTIFF'S CONVERSION CLAIM IS TIME-BARRED

In Count IV of the Complaint, Plaintiff alleges that, "if the Purchase Order was not a valid contract," the facts underlying its contract claims nevertheless entitle it to recover for conversion. Complt. ¶¶120-24 (incorporating by reference the same facts in ¶¶1-72 that form the basis for

---

Xue Han, asserting that the purported Purchase Order was negotiated by Xue Han and High Sharp's former owner, Xing Wang, who acted as "a broker for SMIC and SMSCC who brought the transaction to High Sharp." *See* JRJN Ex. G – CD Cal. Case Dkt. 55 at 2, 4; JRJN Ex. H – CD Cal. Case Dkt. 55-1 ¶¶3-11.

[6] The United Nations Commission on International Trade Law maintains the full text of the CISG, including, as is pertinent here, the full text of CISG Article 1(1)(a), at https://uncitral.un.org/sites/uncitral.un.org/files/media-documents/uncitral/en/19-09951_e_ebook.pdf.

Plaintiff's contract counts). Not so.

"The statute of limitations defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." *Apple*, 445 F. Supp. 3d at 58. The statute of limitations for conversion is three years. Cal. Code of Civil Procedure §338(c)(1). Plaintiff alleges that it paid "Defendants" $19,008,000 for semiconductor wafers that were to be delivered "in the first quarter of 2022," *which would have ended on March 31, 2022 at the latest*, but "Defendants" neither made this delivery as agreed nor returned the funds wired by Plaintiff. Complt. ¶¶61, 66, 120-124. Thus, Plaintiff's conversion claim expired no later than *March 31, 2025*, before its Complaint was filed on *May 30, 2025*. This provides the Court with an independent ground for dismissing Count IV.

**IV.    CONCLUSION**

For all of the foregoing reasons, and those stated in Sections I(B)(1)(b) and II(B)-II(E) of the SMIC MTD and II(A) of the SMSC MTD (*see* nn.3-4, *supra*), the Court should grant Americas' Rule 12(b)(6) motion in its entirety and dismiss it from this action.

Dated:  August 22, 2025                    KIBLER FOWLER & CAVE LLP

By:  _____

    MATTHEW J. CAVE
    JEAN Y. RHEE
    Attorneys for SMIC, AMERICAS