UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HIGH SHARP ELECTRONIC LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>SEMICONDUCTOR MANUFACTURING INTERNATIONAL CORPORATION, et al.,<br><br>Defendants. | Case No.   5:25-cv-04605-EJD<br><br>**AMENDED ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 33, 35, 36 |

Plaintiff High Sharp Electronic Limited ("High Sharp") brings this action against Defendants Semiconductor Manufacturing International Corporation ("SMIC"); SMIC, Americas ("SMIC USA"); and Semiconductor Manufacturing South China Corporation ("SMSC") seeking damages and declaratory relief for Defendants' alleged failure to deliver semiconductor equipment that Plaintiff had purchased.  Compl., ECF No. 1.  Before the Court are Defendants' motions to dismiss under Rule 12(b)(6) for failure to state a claim.  SMIC Motion to Dismiss ("SMIC Mot."), ECF No. 33; SMIC USA Motion to Dismiss ("SMIC USA Mot."), ECF No. 35; SMSC Motion to Dismiss ("SMSC Mot."), ECF No. 36.  Plaintiff filed a consolidated opposition, and Defendants filed replies.  Opposition ("Opp."), ECF No. 39; SMIC USA Reply, ECF No. 41; SMIC Reply, ECF No. 42; SMSC Reply, ECF No. 43.  The parties appeared for oral argument on December 11, 2025.  ECF No. 44.  For the reasons explained below, the Court **GRANTS** Defendants' motions to dismiss under Rule 12(b)(6).

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
1

## I.      BACKGROUND

### A.      Parties

Plaintiff is a corporation that is incorporated and has its principal place of business in Texas.  Compl. ¶ 2.

Defendants SMIC, SMIC USA, and SMSC are corporations that facilitate purchase orders for semiconductors, which are then automatically transferred to one of their associated manufacturing companies.  SMIC is incorporated in the Cayman Islands with its principal place of business in Shanghai, China.  *Id.* ¶ 3.  SMSC is incorporated in China with its principal place of business in Shanghai, China.  *Id.* ¶ 4.  SMIC USA is incorporated in California with its principal place of business in San Jose, California.  *Id.* ¶ 5.

### B.      Factual Background

In 2021, Bitcoin and other cryptocurrencies peaked in value.  Plaintiff wanted to purchase valuable semiconductor "wafers" to be used in the manufacture of specialized computers known as cryptocurrency "miners" to capitalize on the rapidly growing market.  *Id.* ¶ 53.  In November 2021, SMSC agreed to sell $44 million of semiconductor wafers to Plaintiff.  *Id.* ¶¶ 59–60.  By June 2022, Plaintiff had not received the wafers.  *Id.* ¶ 66.  Between July and October 2022, Defendants began to produce the semiconductors, but they fell short of their production expectations.  *Id.* ¶¶ 69–70.  Defendants offered Plaintiff a discount but refused to issue a full refund.  Plaintiff alleges that by May 2025, Defendants still had neither delivered the semiconductor wafers nor refunded Plaintiff's money.  *Id.* ¶ 72.

Plaintiff alleges six claims: breach of contract, breach of the UN Convention on Contracts for the International Sale of Goods ("UNCISG"), breach of the covenant of good faith and fair dealing, restitution based on quasi-contract or unjust enrichment, conversion, and declaratory relief.

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS

United States District Court
Northern District of California

### C.    Procedural History

Plaintiff previously sued SMSC and SMIC in the Central District of California (the "Central District Action").  (Defendant SMIC USA was not involved in this previous action.) SMSC moved to dismiss for improper service, which the Central District granted.  *See* ECF No. 34, Exhibit A at 10–14.  SMIC moved to dismiss for lack of personal jurisdiction; on that motion, the Central District reserved judgment and ordered Plaintiff to file a memorandum setting forth facts demonstrating the availability of personal jurisdiction over SMIC.  *Id.* at 14–18.  Plaintiff did not do so, and the parties stipulated to have the case dismissed without prejudice.[1]  *See* ECF No. 34, Exhibit I.

## II.    REQUESTS FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

Before turning to the motion to dismiss, the Court will first address the requests for judicial notice and incorporation by reference.

### A.    SMIC and SMSC's Requests for Judicial Notice and Incorporation by Reference

In general, a court may not consider material beyond the pleadings when ruling on a Rule 12(b)(6) motion.  *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018).  The only exceptions to this rule are documents that are the subject of judicial notice, appended to the complaint, or incorporated by reference.  *Id.*  SMIC and SMSC ask the Court to consider eleven documents under these exceptions.  *See* Defendants' Request for Judicial Notice ("Dfs.' RJN"), ECF No. 34-1.

---

[1] The parties disagree about why they stipulated to dismiss the Central District Action.  Plaintiff states that after the lawsuit was filed, Plaintiff "hired new counsel who determined that the Northern District of California was the most appropriate venue."  Compl. at 2 n.1.  SMIC USA—which was not a party to the first suit—argues that this is unlikely for a variety of reasons, including the fact that Plaintiff claimed in that case that the wrongdoing and harm had occurred in the Central District.  ECF No. 35 at 1–2.

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
3

First, the Court will consider the request for judicial notice of Exhibits A–I.  Judicial notice permits courts to consider facts that are not subject to reasonable dispute.  *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201).  A court may also consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *Roca v. Wells Fargo Bank, N.A.*, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)).

Here, Exhibits A–I are documents related to the Central District Action.  Schreiber Decl. Exs. A–I, ECF No. 34.  These include the order on SMIC and SMSC's motions to dismiss, the complaint, an order for the plaintiff to show cause for lack of prosecution, the plaintiff's response to that order, the opposition to SMSC's motion and declaration in support, the opposition to SMIC's motion and declaration in support, and the order of voluntary dismissal filed by the court. *Id.*  None of these documents are subject to reasonable dispute, so the Court takes judicial notice of Exhibits A–I.

Next, the Court will consider the request that Exhibits J and K be incorporated by reference.  Incorporation by reference permits courts to treat an extrinsic document as if it were "part of the complaint itself," but only if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* (citation omitted).  Courts may incorporate documents or portions thereof that are not expressly referenced in the complaint if the claims depend on documents' contents. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (affirming incorporation by reference of webpages surrounding photographs to provide crucial context for defamation claims).  Once incorporated, the Court may assume the entire document is true for

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
4

purposes of a motion to dismiss. *Ritchie*, 342 F.3d at 908.

Here, Exhibits J and K are the 2024 and 2021 copies of SMIC's Annual Report, as filed with the Hong Kong Exchange Limited. Schreiber Decl. Exs. J–K. The Complaint refers to these documents repeatedly: Plaintiff uses them to allege that the SMIC entities are alter egos of one another. *See* Compl. ¶¶ 4, 26–27, 36–37, 49. Because Plaintiff relies on the Annual Reports to state their claims, the Court will consider these materials to be incorporated by reference.

### B. Plaintiff High Sharp's Request for Judicial Notice

Again, judicial notice permits courts to consider facts that are not subject to reasonable dispute. *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201). A court may also consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, 2016 WL 368153, at \*3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)). Additionally, "courts in this circuit routinely take judicial notice of material contained on government agency websites." *Santos v. Minnesota Life Ins. Co.*, 571 F. Supp. 3d 1120, 1126 (N.D. Cal. 2021) (collecting authority).

Here, Plaintiff requests that the Court take judicial notice of two documents: a Department of Defense press release and attached list regarding Chinese Military Companies (Exhibit A) and a Department of Defense Federal Register Notice of Designation of Chinese Military Companies, 86 FR 33994 (Exhibit B). *See* Plaintiff's Request for Judicial Notice ("Pl.'s RJN"), ECF No. 40. These exhibits are available on official government websites, and thus their accuracy cannot reasonably be questioned. As a result, the Court takes notice of Exhibits A and B.

## III.    LEGAL STANDARD

### A.    Service of Process

Federal Rule of Civil Procedure 4(h) governs service of process on foreign corporations. It provides:

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS

5

(h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).  Federal Rule of Civil Procedure 4(e)(1) provides:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e).  Federal Rule of Civil Procedure 4(f) states that an individual in a foreign country can be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," or by other methods if there is not internationally agreed means of service.  Fed. R. Civ. P. 4(f).

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS

### B.    Motion to Dismiss for Lack of Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(2), defendants may move to dismiss for lack of personal jurisdiction. While the plaintiff bears the burden of showing that the court has personal jurisdiction over the defendant, the court "resolves all disputed facts in favor of the plaintiff.*" See Pebble Beach Co.v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citation modified).  The court may consider evidence presented in affidavits and declarations in determining personal jurisdiction.  *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  But when a district court acts on a 12(b)(2) motion without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true."  *Mavrix Photo, Inc. v. Brand Techs., Inc*., 647 F.3d 1218, 1223 (9th Cir. 2011) (citation modified).  "The Court may not assume the truth of allegations that are contradicted by affidavit."  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1008 (N.D. Cal. 2014).

In a diversity action, a court may exercise personal jurisdiction over a non-resident defendant if jurisdiction is proper under California's long-arm statute and if the exercise of that jurisdiction does not violate federal due process.  *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996).  Since California's long-arm statute authorizes the Court to exercise personal jurisdiction over a non-resident defendant on any basis not inconsistent with the California or federal Constitution, the statutory and constitutional inquiry merge into a single due process test.  *See* Cal. Code Civ. Proc. § 410.10.

Due process requires that a non-resident defendant have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS

United States District Court
Northern District of California

fair play and substantial justice.'" *In re Cathode*, 27 F. Supp. 3d at 1008 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  If a defendant has sufficient contacts with the forum, personal jurisdiction may be either general or specific.  *See id*.  The relevant forum for this case's minimum contacts analysis is California.

## IV.    SMSC'S MOTION TO DISMISS

SMSC moves to dismiss on three grounds.  First, SMSC argues that Plaintiff is precluded from relitigating service on SMSC through SMIC USA because the Central District previously found that SMSC could not be served through SMIC USA.  SMSC Mot. at 3.  Second, SMSC argues that Plaintiff failed to serve SMSC.  *Id.* at 1–5.  And third, SMSC argues that the Court lacks personal jurisdiction over SMSC.  *Id.* at 7–21.  The Court finds that Plaintiff is barred from relitigating service, and thus does not address the arguments about service and personal jurisdiction.

In the Central District Action, the court found that Plaintiff's attempt to serve SMSC through SMIC USA was insufficient and granted SMSC's motion to dismiss on those grounds.  *See* Schreiber Decl. Ex. A at 14.  SMSC now argues that dismissal precludes the Court from reconsidering whether SMSC may be served through SMIC USA.  SMSC Mot. at 3.  In Opposition, Plaintiff does not dispute that the elements of issue preclusion are satisfied.  *See generally* Opp. at 20–22.  The Court thus does not need to address the elements of issue preclusion.  Rather, Plaintiff argues that a party has the right to file another complaint curing a jurisdictional defect—the party must simply plead new facts that would support a different result on jurisdiction.  Opp. at 21.

Plaintiff is correct that "a dismissal for lack of *in personam* jurisdiction is not *res judicata* as to the merits of the claim."  *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 539 (9th Cir. 1983).  A plaintiff as the "right to file another complaint on the same cause of action curing the

United States District Court
Northern District of California

jurisdictional defect." *Id.* As the Ninth Circuit has explained, "the dispositive question is whether [the plaintiff] pleaded any new facts . . . that would support a different result on the issue of jurisdiction." *Id.*

The question is what qualifies as new facts: must they have developed after the dismissal of the previous action, or can they be facts that plaintiffs simply failed to plead in the first complaint? The cases Plaintiff cites, *Kendall*, 700 F.2d 536, and *Facebook, Inc. v. ConnectU LLC*, No. C07-01389-RS, 2007 WL 4249926, did not need to address this issue. In both cases, the courts found that the plaintiffs had failed to plead any new facts at all, no matter when they developed. *Kendall*, 700 F.2d at 539 ("At best, Kendall alleges a different cause of action to obtain the same relief sought in the state court."); *Facebook, Inc.*, 2007 WL 4249926, at * 2 ("Facebook is relying now on 'contacts' that do not differ significantly in kind or quantity than those it presented during the motion to quash . . ."). But where cases have had to consider this issue, they have frequently held that a "defect in jurisdiction can only be cured where facts change subsequent to a dismissal of the initial case." *Bautista v. Park W. Gallery*, No. CV 08-6262-PSG-RZX, 2008 WL 5210662, at *2 (C.D. Cal. Dec. 11, 2008) (collecting cases). This means that "[d]efects may *not* be cured by alleging, for the first time, facts which existed prior to dismissal of the previous action." *Bautista*, 2008 WL 5210662, at *2.

Here, Plaintiff argues that it has pled "significant new facts showing that the SMIC Entities are a single enterprise." Opp. at 21. According to Plaintiff, relevant facts not previously pled include "that SMSC conducts business in the United States through SMIC US, which sells and markets the semiconductors that SMSC produces, *see* Compl. ¶¶ 4–5, 30–32; that SMIC's Annual Reports define 'We' as SMIC and its subsidiaries SMSC and SMIC US, *see* Compl. ¶ 26; that SMIC's Chairman disclosed to the company's regulators and shareholders that it operates as 'one SMIC,' *id.* ¶ 27; and that SMIC has *admitted* that it 'controls' the daily activities of its

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS

United States District Court
Northern District of California

subsidiaries, *id.* ¶ 28," as well as "that the SMIC Entities function as departments in a single company, *see id.* ¶¶ 29–41; that they freely transfer assets between each other, *see id.* ¶¶ 42–47; and that they do not maintain separate officers or directors, *see id.* ¶¶ 48–52." Opp. at 21. But Plaintiff does not allege that any of these facts are "new"—that they changed "subsequent to a dismissal of the initial case." *Bautista*, 2008 WL 5210662, at \*2.

Plaintiff had a full and fair opportunity to establish the Court's jurisdiction over SMSC in the Central District action, and Plaintiff failed to do so. The "curable defects" doctrine does not operate here to allow Plaintiff to relitigate jurisdiction in this Court. The Court thus **GRANTS** SMSC's motion to dismiss.

## V.    SMIC USA'S MOTION TO DISMISS

SMIC USA moves to dismiss on three grounds. First, SMIC USA argues that Plaintiff has not adequately pled that SMIC USA is an alter ego of SMIC or SMSC, and thus all claims should be dismissed. SMIC USA Mot. at 4–7. Second, SMIC USA contends that Plaintiff may not assert a UNCISG claim against SMIC USA because Plaintiff and SMIC USA are both United States corporations. *Id.* at 10. And third, SMIC USA asserts that the statute of limitations bars Plaintiff's conversion claim. The Court addresses the question of alter ego liability first and finds it dispositive.

### A.    Alter Ego Liability

Plaintiff does not allege that SMIC USA was party to the semiconductor wafer purchase. *See* Compl. ¶¶ 53–72. But Plaintiff claims that SMIC USA is nonetheless liable for the transaction as an alter ego of SMIC and SMSC. *Id.* ¶¶ 24–52.

To survive a motion to dismiss, a plaintiff asserting application of the alter ego doctrine must allege two elements of liability: that "(1) there is such unity of interest and ownership that the separate personalities of the two entities no longer exist, and (2) failure to disregard their

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
10

United States District Court
Northern District of California

separate identities would result in fraud or injustice." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1021 (9th Cir. 2017) (citation omitted).

### 1.    Unity of Interest

Unity of interest requires a showing that "the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (citation omitted).  To determine whether there is a unity of interest, courts consider a number of factors, including (1) the commingling of funds and other assets of the entities, (2) the holding out by one entity that it is liable for the debts of the other, (3) identical ownership of the entities, (4) use of the same offices and employees, (5) use of one as a mere shell or conduit for the affairs of the other, (6) inadequate capitalization, (7) disregard of corporate formalities, (8) lack of segregation of corporate records, and (9) identical directors and officers.  *Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1004 (N.D. Cal. 2020).

Plaintiff's argument is twofold.  As a threshold matter, Plaintiff argues that the Court need not engage in the factor test, because SMIC admitted in a different forum that it "controls and is the majority owner[] of" the daily activities of SMIC USA, SMSC, and the other SMIC entities. Compl. ¶ 28.  SMIC USA counters that this kind of generalized statement about an owner's control does not establish unity of interest.  SMIC USA Reply at 6.  The Court agrees with SMIC USA.  This Court has previously found that general statements about control, "sole control," or even that an owner "dictated every facet" of a subsidiary's business are not enough without more specific allegations about how that control is exerted.  *Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 55 (N.D. Cal. 2020).  Those specific allegations are not present here, so the generalized statement cannot be grounds for pleading alter ego.

Next, Plaintiff argues that they have pled enough facts to establish SMIC's control of SMIC USA under the third, fifth, sixth, and ninth factors.  Opp. at 7–15.  The Court addresses

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
11

United States District Court
Northern District of California

each in turn.

### a.    Same Ownership

With respect to the third factor, same ownership, Plaintiff alleges that SMIC USA "is a wholly owned subsidiary of SMIC."  Compl. ¶ 5.  SMIC USA offers no facts contesting this allegation.  *See* SMIC USA Mot. at 6.  SMIC USA's Reply claims to address "the third and ninth factors," but the paragraph that follows only speaks to the ninth factor, and pages later the Reply admits that Plaintiff has "pled the third equitable ownership factor."  *See* SMIC USA Reply at 8, 13.  Thus, the Court finds Plaintiff has adequately pled that SMIC and SMIC USA are under the same ownership.

### b.    Use of the Company as a Shell or Conduit

With respect to the fifth factor, use of the company as a shell or conduit, Plaintiff alleges that SMIC USA "markets and sells SMIC's products in the United States," but does not market for other companies, manufacture its own products, or conduct any business on its own behalf.  Compl. ¶ 30.  Plaintiff argues that, under similar circumstances, the Ninth Circuit has found pervasive control "where a parent corporation uses its subsidiary 'as a marketing conduit.'" Opp. at 9 (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001)).  SMIC USA counters that *Doe* did not clarify what it means for a company to be a "marketing conduit."  SMIC USA Reply at 9.

Defendant is right that *Doe* did not explain what it means to be a marketing conduit.  *Doe* simply cites to *U.S. v. Toyota Motor Corp.*, 561 F. Supp. 354 (C.D. Cal. 1983).  In that case, the court found that a Japanese parent company could be subject to personal jurisdiction in California when the subsidiary was the exclusive importer of the parent's products and coordinated American distribution and sales logistics, and the parent realized specific sales and revenue figures from the subsidiary.  *Id.* at 356.  Conversely, courts have found plaintiffs failed to allege a marketing

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS

United States District Court
Northern District of California

conduit when they do not provide facts regarding the marketing, product, or sales relationship between the parent and subsidiary. *See, e.g., NetApp, Inc. v. Nimble Storage, Inc.*, No. 5:13-CV-05058-LHKHRL, 2015 WL 400251, at *7 (N.D. Cal. Jan. 29, 2015); *Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 464 (N.D. Cal. 2019) ("Plaintiffs here do not allege facts regarding the marketing and product relationship between Dongwon and StarKist.").

Here, Plaintiff has alleged that SMIC USA "markets and sells SMIC's products in the United States." Compl. ¶ 30. SMIC USA "does not market products from other companies," nor does it "manufacture any products for sale" or "conduct any business on its own behalf." *Id.* The facts here are less definitive than *Toyota* but far more conclusive than in *NetApp* and *Gardner*. As a result, the Court finds that Plaintiff has adequately pled that SMIC uses SMIC USA as a marketing conduit.

### c.    Inadequate Capitalization

With respect to the sixth factor, inadequate capitalization, Plaintiff alleges that SMIC USA "has only $500,000 in capitalization despite being SMIC's toehold for $992,527,000 in United States revenue in 2024." Opp. at 13 (citing Schreiber Decl. Ex. J, ECF No. 34-11). Plaintiff analogizes to *Slottow v. Am. Cas. Co. of Reading, Pennsylvania,* where the court found an initial capitalization of $500,000 "woefully inadequate" for a corporation that handled trust agreements on which investors claimed $10,000,000 in damages. 10 F.3d 1355, 1360 (9th Cir. 1993). In Reply, USA argues this is a misrepresentation of the information in the document. SMIC USA Reply at 12.

"Adequate capitalization means capital reasonably regarded as adequate to enable [the corporation] to operate its business and pay its debts as they mature." *Laborers Clean–Up Contract Admin. Trust Fund v. Uriarte Clean–Up Service, Inc.*, 736 F.2d 516, 524 (9th Cir. 1984) (citation modified). The relevant question is thus whether SMIC USA's capital was

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
13

sufficient to "operate its normal business." *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 810 F. Supp. 2d 1100, 1123 (S.D. Cal. 2011). When determining whether a corporation is undercapitalized, "courts generally look to facts or allegations related to an entity's liabilities and assets." *NetApp*, 2015 WL 400251, at *7 (collecting cases).

By that metric, Plaintiffs have not adequately pled undercapitalization. The 2024 Annual Report discloses for $992,527,000 in revenue in the "America" "region." Schreiber Decl. Ex. J at 116. It also reports that SMIC USA had $500,000 in "issued share capital/registered capital." *Id.* at 127. There are two problems here. First, as SMIC USA points out, it is not clear whether the $500,000 is issued capital, registered capital, or both. SMIC USA Reply at 13. Plaintiff seems to believe that even $500,000 in issued capital would be inadequate. Second, Plaintiff does not offer any facts about SMIC USA's liabilities. Plaintiff quotes selectively from *Slottow v. Am. Cas. Co. of Reading, Pennsylvania*, 10 F.3d 1355 (9th Cir. 1993), arguing it stands for the notion that $500,000 is inadequate capitalization for a corporation that handled $10 million in trust agreements. Opp. at 13. But that is not what the case says. *Slottow* found $500,000 capitalization was inadequate for $10 million in liabilities. *Slottow*, 10 F.3d at 1360. That is, the court in *Slattow* was able to compare assets to liabilities and conclude that the corporation could not pay its debts. Without any information about SMIC USA's liabilities, the Court cannot conduct that same analysis here.

### d.     Identical Directors and Officers

With respect to the ninth factor, identical directors and officers, Plaintiff alleges that in 2018, the CEO of SMIC, Zhao Haijun, was also a director and CFO of SMIC USA. Compl. ¶ 51. SMIC USA argues this information is outdated. SMIC USA Reply at 9. The Court agrees. Plaintiff has pled facts showing the companies shared an officer in 2018, not 2021, when the contract was formed. Moreover, Plaintiff's Opposition admits that a different person, Xu Liu, is

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
14

now SMIC USA's CFO. Opp. at 9. This indicates that at some point between 2018 and 2025, Zhao Haijun stopped serving as SMIC USA's CFO—possibly before 2021, when the contract was formed. Moreover, the Ninth Circuit has held that mere overlap between a parent's and a subsidiary's directors or executive leadership does not suggest unity of interest. *See Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980) (finding the fact that some directors and executives of parent company sat on board of subsidiary did not establish alter ego because the record "does not show that executives and directors of the [parent] ever controlled the [subsidiary] board or formed a board majority"). Plaintiff has thus failed to plead that SMIC and SMIC USA shared directors and officers at the time the contract was formed.

*** 

In sum, Plaintiff has pled only two of the nine factors of the unity of interest prong for establishing alter ego liability: that SMIC and SMIC USA are under the same ownership, and that SMIC uses SMIC USA as a marketing conduit.

Courts differ on how many factors must be present to find unity of interest for the purposes of corporate liability. Some courts have held that pleading at least two factors satisfies this element. *See Pac. Mar. Freight, Inc. v. Foster*, No. 10-CV-0578-BTM-BLM, 2010 WL 3339432, at *6 (S.D. Cal. Aug. 24, 2010) (citing authority that two or three factors of the unity of interest prong was sufficient to defeat a motion to dismiss). More recently, the Ninth Circuit has held that "[t]otal ownership and shared management personnel are alone insufficient to establish the requisite level of control." *Ranza*, 793 F.3d at 1073. But it is not clear whether the Ninth Circuit meant that those two factors were insufficient, or whether *any* two factors were insufficient. Because courts in this circuit have described applying a "lenient standard" to alter ego liability at the pleading stage, the Court finds that pleading same ownership and use as a marketing conduit adequate to establish the unity of interest prong for alter ego liability. *Howse v. Chiquita Canyon,*

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
15

United States District Court
Northern District of California

*LLC*, 757 F. Supp. 3d 1049, 1075 (C.D. Cal. 2024).

### 2.    Fraud or Injustice

The second prong of the alter ego test requires a plaintiff to show that defendants' bad faith makes it inequitable for the corporate owner to hide behind the corporate form.[2]  "Inequitable results flowing from the recognition of the corporate form include the frustration of a meritorious claim, perpetuation of a fraud, and the fraudulent avoidance of personal liability."  *Pac. Mar. Freight*, 2010 WL 3339432, at *7 (S.D. Cal. Aug. 24, 2010).  Moreover, the fraud or injustice must be "'that of the party against whom the alter ego doctrine is invoked' and that party 'must have been an actor in the course of conduct constituting the abuse of the corporate privilege.'"  *Howse*, 757 F. Supp. 3d at 1075 (citing *Firstmark Cap. Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir. 1988)).

Here, Plaintiff alleges that "Adherence to the fiction of the separate existence of the SMIC, SMSC, [and] SMIC [USA] . . . would permit an abuse of the corporate privilege and would promote injustice and fraud."  Compl. ¶ 131.  SMIC USA argues that this brief allegation is not sufficient to plead fraud or injustice.  SMIC USA Mot. at 5.  In Opposition, Plaintiff reiterates the claim that "the SMIC Entities use a shell game to try to avoid jurisdiction, dodge service, and obfuscate their execution of a binding contract with High Sharp."  Opp. at 17.  But the ensuing paragraph only offers facts about the relationship between SMIC and SMSC; Plaintiffs say nothing about SMIC USA.  *Id.*  Because Plaintiff does not allege that SMIC USA was involved in the operative contract and in the alleged abuse of corporate privilege, the Court finds the

---

[2] Courts vary on whether a showing of bad faith is required.  *See Updateme Inc. v. Axel Springer SE*, No. 17-CV-05054-SI, 2018 WL 1184797, at *10 n.13 (N.D. Cal. Mar. 7, 2018).  The Ninth Circuit has clarified that it is required except for claims arising from under-capitalization or misrepresentation to creditors by the parent company.  *Id.* (citing *Sentry Life Ins. Co. v. Roberts*, 925 F.2d 1470 (9th Cir. 1991)).  Neither exception is alleged here, so bad faith is required.

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
16

allegations insufficient to state a claim under the fraud or injustice prong.

\*\*\*

In sum, Plaintiff has adequately pled the unity of interest prong, but has not adequately pled the fraud or injustice prong, and consequently has failed to plead that SMIC USA should be liable for SMIC or SMSC's actions under an alter ego theory of liability. Since the claims against SMIC USA rely on that theory of liability, the Court **DISMISSES** Counts One through Six against SMIC USA.

The Court must also address whether leave to amend is appropriate. It seems highly unlikely that additional facts exist indicating that SMIC USA was, in fact, "an actor in the course of conduct" as is required to establish alter ego liability. *Howse*, 757 F. Supp. 3d at 1075. Plaintiff never alleges that SMIC USA was party to the operative contract. *See* Compl. ¶¶ 53–72. And Plaintiff admitted in response to the Central District's Order to Show Cause that "Counsel researched and located a potential address for SMIC in California"—again implying that SMIC USA was not involved in the transaction that led to this suit. Schreiber Decl. Ex. D at 4.

Nontheless, the "court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted). With that lenient standard in mind, the Court **GRANTS** leave to amend.[3]

## VI. SMIC'S MOTION TO DISMISS

SMIC moves to dismiss on three grounds. First, SMIC argues that the Central District action precludes Plaintiff from relitigating jurisdiction in this Court under the doctrine of res

---

[3] The original Order granted leave to amend, Order, ECF No. 50, but Plaintiffs did not file an amended complaint. As a result, this Amended Order does not re-start the clock on filing an amended complaint. See *infra* Part VIII.

judicata. SMIC Mot. at 3–4. Second, SMIC argues that the Court lacks personal jurisdiction over SMIC. *Id.* at 5–17. Third, on the merits, SMIC argues that Plaintiff fails to state a claim under the heightened pleading requirements of Rule 9(b). *Id*. at 18. The Court finds that res judicata does not bar Plaintiff's claim against SMIC, but that the Court does not have personal jurisdiction over SMIC. As a result, the Court does not reach the merits of SMIC's motion.

## A.    Res Judicata

On the motion to dismiss in the Central District Action, the Court reserved judgment and directed the parties to pursue jurisdictional discovery. *See* Schreiber Decl. Ex. A at 18. The Court ordered Plaintiff to file a memorandum setting forth facts demonstrating the availability of personal jurisdiction. Plaintiff did not do so, and the parties stipulated to have the case dismissed without prejudice. *See* Schreiber Decl. Ex. I. SMIC now argues that the Central District's order precludes Plaintiff from relitigating jurisdiction in this Court. SMIC Mot. at 3–4.

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08). Federal common law requires the application of "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek*, 531 U.S. at 508. Here, the prior action was in a federal court sitting in diversity in the Central District of California, and the court applied California law. Therefore, any preclusive effect is governed by California law.

Under California law, issue preclusion applies: "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015). Plaintiff argues that the Central District did not "necessarily decide" the question of jurisdiction based on alter ego. Opp. at 18–19. SMIC replies

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
18

that *res judicata* applies to the issue of personal jurisdiction. SMIC Reply at 9 (citing *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 538 (9th Cir. 1983)). Both parties are correct, but Plaintiff's argument prevails. As Defendant points out, *res judicata* does apply to personal jurisdiction just as it would to any other issue. *Kendall*, 700 F.2d at 538. But as Plaintiff argues, SMIC has not established the elements of *res judicata*, failing to show that the prior action was "actually litigated and necessarily decided." *DKN Holdings*, 61 Cal. 4th at 813. The Central District found that "discovery is required to further understand the relationship between SMIC and SMIC USA" and "RESERVE[D] JUDGMENT on SMIC's motion" to dismiss based on lack of personal jurisdiction. Schreiber Decl. Ex. A at 17, 18. Reserving judgment is the opposite of deciding an issue. *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018) (holding issue preclusion did not apply when the prior court "expressly declined to reach the merits" of an issue). As a result, res judicata does not preclude the relitigation of personal jurisdiction in this proceeding.

### B.    Personal Jurisdiction

SMIC next moves to dismiss for lack of personal jurisdiction. SMIC Mot. at 4–18. SMIC asserts that Plaintiff has failed to establish the Court's general or specific jurisdiction over SMIC. *Id.* The Court first addresses general jurisdiction and then turns to specific jurisdiction.

#### 1.    General Jurisdiction

Plaintiff alleges that SMIC is incorporated in the Cayman Islands; has its principal place of business in Shanghai, China; and "conducts business in California and in this District and elsewhere in the United States." Compl. ¶ 3. SMIC argues that these facts do not establish the Court's general jurisdiction over SMIC. SMIC Mot. at 5.

A court may assert general jurisdiction over a nonresident corporation "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS

19

(2014). Corporate defendants are "at home" only in the state in which they are incorporated and in the state in which they maintain their "principal place of business." *See id.*, 571 U.S. at 137.

Here, SMIC is not incorporated in California, nor does it maintain its principal place of business here. Compl. ¶ 3. SMIC thus cannot be subject to personal jurisdiction in California on those grounds. Plaintiff's conclusory allegation that "SMIC conducts business in California" also does not establish that the Court has personal jurisdiction. *Sentro Techs. USA LLC v. L Logistics LLC*, No. 8:24-CV-00978-FWS-DFM, 2024 WL 5317304, at *2 (C.D. Cal. Sept. 12, 2024) (holding that a conclusory allegation that a Texas company "do[es] business in the state of California" is inadequate to establish personal jurisdiction). Thus, none of these allegations subject SMIC to personal jurisdiction in California.

But Plaintiff has a second argument for establishing general personal jurisdiction over SMIC. Plaintiff alleges that SMIC USA is a California corporation, that SMIC USA and SMIC are alter egos, and therefore that SMIC USA's minimum contacts subject SMIC to personal jurisdiction in California. Compl. ¶¶ 12–13; Opp. at 5–18. SMIC argues that Plaintiff has not satisfied either prong of the alter ego test, and thus that SMIC USA's minimum contacts cannot be imputed to SMIC. Mot. at 6–15.

A subsidiary's contacts with the forum state can only be imputed to its foreign parent "upon a showing that the subsidiary is an alter ego of its parent." *Ranza*, 793 F.3d at 1070. The test for piercing the corporate veil for jurisdictional purposes is similar to the test for corporate liability purposes. *See supra* Part V.A. A plaintiff must make a prima facie case "(1) that there is such a unity of interest and ownership that the separate personalities [of the two entities] no longer exist, and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Ranza*, 793 F.3d at 1073.

### a.    Unity of Interest

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
20

As discussed above, the unity of interest prong requires a plaintiff to show that the principal corporation controlled its alter ego so completely as to render it a "mere instrumentality" of the principal. *See supra* Part V.A.1.

Plaintiff argues that the following facts state a claim for unity of interest between SMIC and SMIC USA. SMIC admitted in a different forum that it "controls and is the majority owner[] of" the daily activities of SMIC USA, SMSC, and the other SMIC entities. Compl. ¶ 28. SMIC's 2024 shareholder letter stated that the company is guided by the "blueprint of 'one SMIC, global operations.'" *Id.* ¶ 27. SMIC USA markets and sells SMIC's products in the United States. *Id.* ¶ 30. SMIC USA exists "for the sole purpose of" executing SMIC's transactions and "sells semiconductor devices in coordination with SMIC Manufacturing Companies . . . in the United States." *Id.* ¶¶ 32, 34. Purchase orders for SMIC USA are processed through SMIC British Virgin Islands' ("SMIC BVI") ordering system and then transferred to a SMIC manufacturing company. *Id.* ¶ 35. The SMIC entities use the same website, email format, and logo. *Id.* ¶¶ 38, 41, 46–47. And in 2018, the CEO of SMIC, Zhao Haijun, was also a director and CFO of SMIC USA. *Id.* ¶ 51.

SMIC argues Plaintiff has failed to state a prima facie case for jurisdiction because (1) shared management alone is not adequate to establish that the corporations are alter egos, (2) Plaintiff concedes that SMIC and SMIC USA maintained corporate formalities, (3) Plaintiff does not allege undercapitalization, and (4) Plaintiff does not allege facts supporting a number of the factors in the test, such as holding one entity out as being liable for the debts of the other, one entity acting as a mere shell, and lack of segregation of corporate records. SMIC Mot. at 7–9. SMIC supports its motion the sworn declaration of Xunfeng Liu, which states that SMIC and SMIC USA are distinct business entities, provide different types of services in different geographical regions, do not share the same employees, maintain the appropriate corporate

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
21

formalities, are adequately capitalized to meet their ongoing operational and financial obligations, maintain separate bank accounts, maintain separate corporate records, and pay their own operational expenses. *See* Declaration of Xunfeng Liu ("Liu Decl."), ECF No. 33-1 ¶¶ 10–11.

In deciding whether to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court compares the written submissions from both sides and determines whether Plaintiff has made a prima facie case for jurisdiction. *See supra* Part III.B. That means the Court may consider declarations, though the Court need not accept as true a declaration that is merely a "threadbare recital[] of the elements of the alter ego test." *Tradin Organics USA LLC v. Terra Nostra Organics, LLC*, 2024 WL 4312215, at *3 (N.D. Cal. Sept. 26, 2024). In considering these materials, the Court still accepts uncontroverted allegations as true, *Mavrix Photo, Inc.*, 647 F.3d at 1223, but the Court may not assume the truth of allegations which are contradicted by affidavit. *Data Disc, Inc*, 557 F.2d at 1284. Ultimately, however, if there is a dispute in fact, the Court resolves that dispute in favor of the plaintiff. *Pebble Beach Co.*, 453 F.3d at 1154 (9th Cir. 2006).

First, the Court must decide whether to credit the Liu Declaration. Plaintiff believes the Court should not, arguing that the Liu Declaration is a threadbare recitation of the alter ego factors, with a conclusory denial for each one. Opp. at 15. Plaintiff argues that the Liu Declaration offers far less detail than affidavits courts have credited in other cases. *Id.* The Court finds that though the Liu Declaration goes into less detail than those other affidavits, they are similar at critical points. For instance, in *Apple*, 445 F. Supp. 3d at 53, this Court credited a declaration stating that the corporations "are and at all times have been sufficiently capitalized to satisfy their ongoing operational and financial obligations." *See* Allan Declaration, *Apple*, No. 5:19-cv-8372-EJD (N.D. Cal.), ECF No. 26. The Liu Declaration uses almost identical language: "SMIC and SMIC USA . . . are adequately capitalized to meet their ongoing operational and financial obligations and pay their own operational expenses." Liu Decl. ¶ 11. Plaintiff also

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS

argues that the Court should disregard the Liu Declaration because it contains alleged factual inaccuracies. Opp. at 16. But as explained above, the Court may not assume the truth of allegations that are contradicted by affidavit. *Data Disc, Inc*, 557 F.2d at 1284. In conclusion, the Court will consider the evidence presented in the Liu Declaration.

The Court has already found that SMIC's admission that it "controls" SMIC USA does not establish unity of interest. *See supra* Part V.A.1. The Court has also found that two factors—common ownership and use of SMIC USA as a marketing conduit—weigh in favor of a unity of interest, while two other factors—inadequate capitalization and identical directors and officers—do not.[4] *Id.* SMIC's motion only raises one additional factor: whether SMIC and SMIC USA maintained corporate formalities. SMIC claims that in failing to allege improper documentation of transactions or maintenance of books and records, the leasing of facilities in each other's names, or the failure to pay taxes, Plaintiff has conceded that factor. SMIC Mot. at 8 (citing *Tradin Organics*, 2024 WL 4312215, at *6). The Court finds that though the Complaint made no such concession, Defendant is correct that Plaintiff failed to plead the relevant subfactors for failure to maintain corporate formalities. *See Tradin Organics*, 2024 WL 4312215, at *6 (listing subfactors). Moreover, the Liu Declaration states that SMIC and SMIC USA maintained separate bank accounts. Liu Decl. ¶ 11. This weighs against finding a unity of interest between SMIC and SMIC USA.

That leaves four factors unaddressed: the commingling of assets, the holding out by one entity that it is liable for the debts of the other, the use of the same offices and employees, and a

---

[4] In the motion hearing, Plaintiff argued that the Liu Declaration's statement that SMIC and SMIC USA were adequately capitalized, Liu Decl. ¶ 11, combined with Plaintiff's allegations that SMIC USA "has only $500,000 in capitalization despite being SMIC's toehold for $992,527,000 in United States revenue in 2024," Opp. at 13, at least create a factual dispute that would have to be resolved in favor of the Plaintiff. But as the Court found above, Plaintiff failed to state a claim for undercapitalization. *See supra* Part III.A.1.c.

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
23

lack of segregation of corporate records.[5]  The Liu Declaration states that SMIC and SMIC USA do not share employees and they keep separate corporate records.  Liu Decl. ¶¶ 10–11.  Plaintiff does not address those factors.  SMIC argues that Plaintiff's failure to allege any facts as to the remaining four factors "strongly weighs against a finding" of alter ego.  SMIC Mot. at 9 (citing *Corcoran v. CVS Health Corp*, 169 F. Supp. 3d 970, 984 (N.D. Cal. 2016)).  Plaintiff argues that pleading "two or three factors" is enough to find control.  Opp. at 12 (citing *Howse*, 757 F. Supp. 3d at 1074); *see also Pac. Mar. Freight*, 2010 WL 3339432, at *6 ("The identification of the elements of alter-ego liability plus two or three factors has been held sufficient to defeat a 12(b)(6) motion to dismiss.").

The Ninth Circuit has said pleading "two or three" factors is enough for liability but has not articulated an equivalent bright-line rule for jurisdiction.  *Howse*, 757 F. Supp. 3d at 1074.  Nonetheless, the standard does seem to be higher for jurisdiction than for liability.  When plaintiffs allege alter ego liability, courts within the Ninth Circuit apply a "lenient standard," *Howse* 757 F. Supp. 3d at 1074, but when plaintiffs assert alter ego jurisdiction, courts put the burden on the plaintiff to make at least a "prima facie showing of jurisdictional facts."  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  Since jurisdiction implicates due process concerns, it makes sense that the standard would be higher.  A defendant should only be subject to suit where its "conduct and connection with the forum State are such that he should

---

[5] Neither SMIC's description of the company as "one SMIC" nor the fact that the SMIC entities use the same website, email format, and logo weigh in favor of any of these factors.  And while other factors may be considered "under the particular circumstances of each case," *Pac. Bell Tel. Co. v. 88 Connection Corp.*, No. 15-CV-04554-LB, 2016 WL 3257656, at *3 (N.D. Cal. June 14, 2016), these particular facts are the kind of "marketing puffery" that "carries no weight in establishing whether a parent and its subsidiary are in fact alter egos."  *Payoda, Inc. v. Photon Infotech, Inc.*, No. 14-CV-04103-BLF, 2015 WL 4593911, at *3 (N.D. Cal. July 30, 2015); *see also Apple Inc.*, 445 F. Supp. 3d at 53 (that defendants "are advertised as the same entity … on the [defendants'] website" does not satisfy unity of interest prong).

reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

In sum, Plaintiff has pled two unity of interest factors. That is enough to survive a 12(b)(6) motion, *see supra* Part V.A., but not enough to survive a 12(b)(2) motion.

### b.    Fraud or Injustice

"The second requirement for alter ego liability is that there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 364 F. Supp. 3d 1061, 1082 (N.D. Cal. 2019) (citation modified). SMIC argues that Plaintiff has also failed to plead enough facts to create a reasonable inference that disregarding the corporate form would lead to fraud or injustice. SMIC Mot. at 14.

The Court agrees with SMIC. Plaintiff alleges that "Adherence to the fiction of the separate existence of the SMIC, SMSC, [and] SMIC [USA] . . . would permit an abuse of the corporate privilege and would promote injustice and fraud." Compl. ¶ 131. This is the only paragraph in the complaint that relates to injustice. There are no other facts in support of Plaintiff's claim.

But even if the Court assumes that the alleged "injustice or fraud" is that of the inability to enforce a contract, resulting in Defendants' unjust enrichment, that does not meet this prong of the alter ego test. *See Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974, 986 (N.D. Cal. 2015) (explaining that an allegation of unjust enrichment alone does not satisfy this prong when the plaintiff alleges no facts explaining how the alleged alter ego benefited from the purported misconduct), *abrogated on other grounds by Fodera v. Equinox Holdings, Inc.*, No. 19-CV-05072-WHO, 2020 WL 3961985, at *1 (N.D. Cal. July 13, 2020); *Perfect 10 Inc. v. Giganews Inc.*, 847 F.3d 657, 677 (9th Cir. 2017) ("[D]ifficulty in enforcing a judgment or collecting a debt

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS
25

does not satisfy the injustice standard for alter ego liability.").

Accordingly, Plaintiff has failed to meet this prong of the test for alter ego liability.

### 2.    Specific Jurisdiction

To establish specific jurisdiction, three requirements must be satisfied. *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1171 (9th Cir. 2022). One, "the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum." *Id.* (citation modified). Two, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id.* (citation omitted). And three, "the exercise of jurisdiction must comport with fair play and substantial justice." *Id.* (citation omitted).

SMIC argues that Plaintiff "does not attempt to plead specific jurisdiction over SMIC." SMIC Mot. at 15. Plaintiff does not dispute this point. Opp. at 5 n.1. As a result, the Court finds that it does not exercise specific personal jurisdiction over SMIC.

\*\*\*

In conclusion, Plaintiff's argument for general jurisdiction over SMIC relies on establishing that SMIC and SMIC USA are alter egos. Plaintiff pled two factors toward the unity of interest prong but offered only conclusory allegations toward the fraud or injustice prong. This is not enough to establish jurisdiction. Because Plaintiff might cure this deficiency by alleging other facts, the Court DISMISSES the claims against SMIC with LEAVE TO AMEND.[6] *Lopez,* 203 F.3d at 1127.

## VII.  REQUEST FOR JURISDICTIONAL DISCOVERY

"A court may permit discovery to aid in determining whether it has personal jurisdiction." *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1093 (C.D. Cal.

---

[6] Plaintiffs did not file an amended complaint. As a result, this Amended Order does not re-start the clock on filing an amended complaint. See *infra* Part VIII.

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS

26

2010) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . ." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat. Bank,* 49 F.3d 555, 562 (9th Cir. 1995)). Discovery should be granted, however, "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Wells Fargo*, 556 F.2d at 430 n. 24.

Here, Plaintiff is alleging the Court has jurisdiction over SMIC through its alleged alter ego, SMIC USA. *See supra* Part VI.B. Plaintiff adequately pled two out of the nine factors toward unity of interest prong of alter ego. *See supra* Part VI.B.1. But Plaintiff only made a conclusory allegation toward the fraud or injustice prong of alter ego. *See supra* Part VI.B.2. A plaintiff "need only present a 'colorable basis' for jurisdiction in order to obtain discovery, and a court abuses its discretion in denying discovery when it might well demonstrate jurisdictionally relevant facts." *Lang v. Morris*, 823 F. Supp. 2d 966, 979 (N.D. Cal. 2011) (citation modified). Since Plaintiff has failed to present any facts toward the fraud or injustice prong of alter ego, the Court finds that Plaintiff has not presented a colorable basis for jurisdiction. The Court thus **DECLINES** to order jurisdictional discovery at this time.

## VIII.  CONCLUSION

For the foregoing reasons, the Court **GRANTS WITHOUT PREJUDICE** Defendants' motions to dismiss.[7]

---

[7] As is reflected in the body of the order, the Court previously granted Plaintiff leave to amend the claims against SMIC USA and SMIC. *See supra* Parts V.A.2, VI.B.2; *see also* ECF No. 45. Plaintiff did not do so within the time allotted and has not requested that the Court allow leave again. The only changes in this Amended Order are thus in the conclusion, which has removed

Case No.: 5:25-cv-04605-EJD
AMENDED ORDER GRANTING MOTIONS TO DISMISS

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: April 10, 2026

_____
EDWARD J. DAVILA
United States District Judge

leave to amend and instead provided that all claims are dismissed without prejudice.